# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

KREDITVEREIN DER BANK AUSTRIA
CREDITANSTALT FÜR
NIEDERÖSTERREICH UND
BURGENLAND, and BANK AUSTRIA
CREDITANSTALT AG,

Civil No. 04-72 (JRT/JSM)

                             Plaintiffs,                    **ORDER**

v.

CHRISTA NEJEZCHLEBA,

                             Defendant.

Todd C. Pearson, **DORSEY & WHITNEY LLP**, 50 South Sixth Street,
Suite 1500, Minneapolis, MN 55402, for plaintiffs.

Marcy S. Wallace, **COX, GOUDY, MCNULTY & WALLACE,
P.L.L.P.**, 676A Butler Square, 100 North Sixth Street, Minneapolis, MN
55403, for defendant.

This case presents a contract dispute between the plaintiffs, two Austrian banks

("the Banks"), and the individual defendant. The parties bring cross motions for partial

summary judgment. For the reasons discussed below, the Court grants in part and denies

in part the motions.

## BACKGROUND

Defendant Christa Nejezchleba is an Austrian citizen, who lives and owns a home

in Minnesota. Defendant's husband, who is now deceased, entered into a number of

loans ostensibly for his businesses that defendant also signed.  The Banks hold four loans, which are in default.

In 1995, the Banks initiated collection proceedings in the Austrian courts relating to the four loans.  Defendant was represented by counsel and participated personally and vigorously in the litigation in the Austrian courts.   In those proceedings, defendant counterclaimed against the Banks for 1.2 million Austrian Schillings ("ATS"), alleging that the Banks made unauthorized transfers from defendant's accounts to her deceased husband's accounts.  On June 23, 2003, the Land Court for Civil Matters Vienna entered judgment (the "Loans Judgment") for the Banks.   The court also entered an order granting attachment (the "Attachment Order") of defendant's property in Austria.   The Loans Judgment was appealed.

The estate of defendant's husband ("the Estate") was also involved in legal proceedings against defendant in Austria.  The Estate was awarded a judgment against defendant for  € 9,874.64, however, the Estate did not execute the judgment against defendant, and has assigned the claim to the Banks to pursue on its behalf (the "Assigned Judgment").

On January 9, 2004, while the Austrian lawsuit was pending, the Banks filed the instant lawsuit in this Court.  In their complaint, the Banks raise four counts of breach of contract (one for each loan), and two counts for recognition of a final money judgment (one for the Loans Judgment, and one for the Assigned Judgment).  The Banks also seek a constructive trust on defendant's home in Minnesota.  Defendant denies the allegations in the complaint and has raised one counterclaim for the 1.2 million ATS she sought in

the Austrian litigation.   Defendant further contends that the Loans Judgment and the Assigned Judgment are not recognizable.

On June 14, 2005, while the instant motions were pending before this Court, the Austrian courts affirmed the Loans Judgment with respect to defendant's liability under the loans, however, the matter was remanded for a determination of the precise amount of damages.   The Court has not yet been informed that the Austrian courts have determined the precise amount of damages under the Loans Judgment.

## ANALYSIS

### I.   Summary Judgment Standard

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).   A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   A court considering a motion for summary judgment must view all of the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II.   Constructive Trust

Defendant seeks summary judgment on the Banks' claim for a constructive trust on her home in Minnesota.   A constructive trust may be imposed when there is clear and

convincing evidence that the trust is necessary to avoid unjust enrichment. *Spiess v. Schumm*, 448 N.W.2d 106, 108 (Minn. Ct. App. 1989). Although many constructive trust cases involve fraud, Minnesota courts have held that constructive trusts are not limited to those situations, and have held that a constructive trust can apply to a case where it would be "morally wrong" for the property holder to retain the funds. *See In re Estate of Eriksen*, 337 N.W.2d 671, 674 (Minn. 1983) (fraud or other wrongdoing need not be present in order to impose a constructive trust).

The Court finds that there are genuine issues of material fact as to whether it would be "morally wrong" for defendant to retain the property. There are facts in the record that may tend to show that defendant used the proceeds of the loans to pay for the property when she knew she would be unable to repay the loans, and that she engaged in sham transactions to hide other assets from her creditors. Those facts are disputed. Whether it would be "morally wrong" for defendant to retain the property depends, in part, on whether defendant did in fact engage in such conduct. Thus, the Court will deny defendant's motion for summary judgment on the Bank's constructive trust claim.

## III.  Whether Austria's Legal System Provides "Due Process" Under The Uniform Act

The Banks move for summary judgment on the issue of whether the Austrian legal system provides sufficient guarantees of due process to render the Loans Judgment and the Assigned Judgment recognizable by this Court. Under the Uniform Foreign Country Money-Judgments Recognition Act (the "Uniform Act"), codified in Minnesota law under Minn. Stat. § 548.35 (2004), a judgment by a court outside the United States that

grants or denies recovery of a sum of money is conclusive between the parties, and is recognizable and enforceable in the same manner as the judgment of another state which is entitled to full faith and credit, subject to certain grounds for nonrecognition. Notably, a foreign judgment is not recognizable if the judgment was rendered under "a system that does not provide . . . procedures compatible with the requirements of due process of law." Minn. Stat. § 548.35, subd. 4(1).

The "due process" ground for nonrecognition in the Uniform Act is distinct from, and less demanding than, the concept of "due process" as it has been defined in American case law. *Society of Lloyd's v. Ashenden*, 233 F.3d 473, 477 (7th Cir. 2000). Rather than requiring that a foreign country's legal system conform to the specific nuances of American law, the requirement of "due process" in the Uniform Act simply means that the foreign country's system of law is "fundamentally fair" and does not offend against "basic fairness." *Id.* Further, this interpretation of the term "due process" in the Uniform Act is consistent with one of the aims of the statute, which is to provide an efficient method for collecting money judgments rendered by courts in other jurisdictions. *Id.* Indeed, if a foreign country's legal system were required to conform to the specifics of the American doctrine of due process, it is doubtful that any foreign judgment would be enforceable. *Id.* at 478 (noting that no foreign legal system has adopted "every jot and tittle" of American due process). American courts have recognized and enforced foreign judgments under the Uniform Act from several countries, including countries within the European Union. *See*, *e.g.*, *Ocean Warehousing B.V. v. Baron Metals and Alloys, Inc.*, 157 F. Supp. 2d 245 (S.D.N.Y. 2001) (Netherlands); *Ingersoll Milling Machine Co. v.*

*Granger*, 833 F.2d 680, 687 (7th Cir. 1987) (Belgium); *Dresdner Bank AG v. Haque*, 161 F. Supp. 2d 259 (S.D.N.Y. 2001) (Germany).

Austria is a member of the European Union, and under European Union law, Austrian civil judgments are enforceable in all other member states of the European Union.[1]  Although defendant has offered examples of differences between American law and Austrian law (e.g., differences in discovery procedures, evidentiary rules), there is nothing in the record to indicate that Austria's legal system is not "fundamentally fair" or that it offends American ideas of "basic fairness."  Indeed, defendant has not provided, nor has the Court located, any case holding that Austria's legal system does not provide "due process" as required by the Uniform Act.  The Court finds that Austria's legal system provides "due process" under the terms of the Uniform Act.

## IV.    Recognition of the Loans Judgment Under the Uniform Act

The Banks seek an order from this Court recognizing the Loans Judgment on the issue of defendant's liability under the loans.  As set forth above, the Uniform Act provides that a foreign judgment granting or denying a recovery of a sum of money may be recognized and enforced by courts in Minnesota.  To come under the purview of the Act, the foreign judgment must be "final" and for a "sum of money."  Minn. Stat. § 548.35, subds. 1(2), 2.  A foreign judgment is deemed "final" if it is conclusive and enforceable where rendered, even if it is subject to appeal or there is an appeal pending.  Minn. Stat. § 548.35, subd. 2.  Although Minnesota courts have not addressed the

---

[1]    *See* Regulation of the European Council 44/2001, http://europa.eu.int/eur-lex/pri/en/oj/dat/2001/l_012/l_01220010116en00010023.pdf.

meaning of the term "sum of money," other courts have interpreted that term to mean a "specific sum of money," and have denied recognition of foreign judgments that did not award or deny a specific sum of money.  *See, e.g.*, *Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d 1357 (S.D. Fla. 2003) (Dominican judgment not entitled to recognition because judgment did not include a specific sum of money); *Bianchi v. Savino Del Bene Int'l Freight Forwarders, Inc.*, 770 N.E.2d 684, 696-98 (Ill. Ct. App. 2002) (Italian judgment not enforceable under Illinois' version of the Uniform Act where the judgment did not grant a sum of money); *Farrow Mortgage Servs. Pty Ltd. v. Singh*, 1995 WL 809561, at *4 (Mass. Super. Ct. 1995) (Australian judgment not enforceable under Massachusetts law to the extent that it awarded undetermined costs).

Here, assuming that the Loans Judgment is "final" on the issue of defendant's liability under the loans, the Court finds that the Loans Judgment is not recognizable at this stage in the proceedings because it does not include a specific sum of money. However, the Loans Judgment has been remanded to the Austrian lower court for a determination of a specific sum of money damages, and it is anticipated that the Austrian court will make a determination of the specific sum of damages.  In the interests of judicial economy and the prevention of piecemeal litigation, the Court will stay this case pending the Austrian court's determination of damages with respect to the Loans Judgment.  The Court will permit the parties to bring motions for summary judgment on remaining issues, including recognition of the Loans Judgment and the Assigned Judgment, as well as defendant's counterclaim, at that time.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' amended motion for partial summary judgment [Docket No. 64] is **GRANTED IN PART** as follows:

a.      Plaintiffs' amended motion for partial summary judgment on the issue of whether Austria's legal system provides "due process" under Minn. Stat. § 548.35 is **GRANTED**;

2.      Defendant's motion for partial summary judgment [Docket No. 54] is **DENIED IN PART** and as follows:

a.      Defendant's motion for partial summary judgment on plaintiffs' constructive trust claim is **DENIED**;

3.      This action in all other respects is **STAYED** pending a determination by the Austrian courts of the specific amount of damages with respect to the Loans Judgment.


DATED:     June 30, 2006                     _____ s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                   United States District Judge